UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAQUAN RAHSHE GULLETT-EL, et al.,

    Petitioners,

v.                                                 Case No.: 3:17-civ-881-J-32JBT

TIMOTHY J. CORRIGAN, et al.

    Respondents.
_____/

**UNITED STATES' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

The United States of America, on behalf of its agencies the United States Marshals Service, United States Probation and Pretrial Services, United States Attorney's Office, and United States Department of Justice, hereby moves to dismiss this suit with prejudice as frivolous, pursuant to Fed. R. Civ. P. 12(b)(1) & (6). In support of this motion, the United States refers to its memorandum of law below.

**INTRODUCTION**

This case is yet another in a continuing string of frivolous cases filed in three different forums by Petitioners Taquan Rahshe Gullett-El and Syteria Hephzibah-El ("Petitioners") against an increasing number of federal officers, officials, and employees (among many others) who have had some connection to the criminal prosecutions of the Petitioners. As we have explained in earlier filings, the Petitioners have used vexatious litigation in various courts to harass, intimidate and burden the judiciary, prosecutors, and law enforcement officers. The United States requests the Court to dismiss the

Petitioners' latest pleading as frivolous. We again request the Court to protect itself, its judges and employees, and the dozens of defendants from future baseless filings through an injunction that will prevent the Petitioners from initiating any future lawsuit, action, proceeding, writ, or other matter against federal officers and employees, or law enforcement personnel, in any court without leave of Court.

## PROCEDURAL HISTORY

I. <u>Syteria Hephzibah-El</u>

On February 6, 2015, Petitioner Syteria Hephizibah-El was arrested for attempting to obtain a passport by fraud in violation of 18 U.S.C. § 1542, and was indicted in the United States District Court for the Middle District of Florida. *See United States v. Hephzibah*, No. 3:15-cr-16-J-34-MCR (M.D. Fla.). The case was assigned to the United States District Court Judge Marcia Morales Howard and to United States Magistrate Judge Monte C. Richardson. The arrest was made pursuant to a valid arrest warrant signed by United States Magistrate Judge Patricia D. Barksdale, and executed by Special Agent Ramon A. De Leon. *See* id. at Doc. 7. At trial, on April 27, 2016, a jury found Petitioner Hephzibah-El guilty. *See* id. at Docs. 141. On March 14, 2017, Petitioner Hephzibah-El was sentenced by Judge Howard to time served. *See* id. at Doc. 229.

Prior to her criminal trial, Petitioner Hephzibah-El filed a civil suit with this Court, alleging that her constitutional rights were violated in connection with her 2015 arrest, and seeking money damages and an order enjoining her criminal trial. *See Hephzibah v. De Leon*, Case no. 3:16-cv-00248-TJC-MCR (M.D. Fla.). The suit named

as defendants: Judges Howard, Richardson and Barksdale; then United States Attorney A. Lee Bentley, III; Assistant United States Attorneys Mac D. Heavener and Arnold B. Corsmeier; Special Agent Ramone (sic) De Leon; pretrial service officers Jim Haskett and Kim Lee Watson; and then Clerk of Court Sheryl Loesch. On March 18, 2016, the Court dismissed Petitioner Hephzibah-El's civil suit for lack of subject matter jurisdiction and specifically found it to be "patently frivolous." *See* id. at Doc. 5 n.1. Thereafter, Petitioner Hephzibah-El filed "numerous documents, including a 'Petition to Transfer to Cure Want of Jurisdiction' seeking to have the Court transfer the case to the United States Court of Federal Claims (Doc. 6), a "Notice of Directly Related Cases" and a "Notice of Indirectly Related Cases" (Docs. 7 and 8), a "Petition for Review of Administrative Action" and an amended petition, which both appeared to seek review of this Court's order of dismissal before the United States Court of Federal Claims and/or the United States Court of Appeals for the Federal Circuit (Docs. 9 and 17), a notice and amended notice of appeal (Docs. 11 and 14), an application to proceed *in forma pauperis* before the United States Court of Federal Claims (Doc. 12), affidavits regarding her financial status (Docs. 15 and 16), and [also] an Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 21) which again [sought] to have [the] Court enjoin [her] upcoming federal criminal trial." *See* id. at Doc. 22. The Court once again found Petitioner Hephzibah-El's case to be frivolous and denied her motions.

On March 24, 2016, after the Court had dismissed her civil suit and before her criminal trial had concluded, Petitioner Hephzibah-El filed a complaint with the Court

of Federal Claims, requesting that court to review this Court's dismissal of her civil suit, and again seeking monetary damages for alleged violations of her constitutional rights. *See Hephzibah-El v. United States*, Case no. 1:16-cv-00402-VJW (Ct. Fed. Cl.). In an additional filing on March 30, 2016, Petitioner Hephzibah-El requested the Court of Federal Claims to enjoin her criminal trial. *See* id. The Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction, *see* id. at Doc. 16, and the Federal Circuit affirmed. *Hephzibah-El v. United States*, Case no. 2016-2718, 2017 WL 563159, at *1 (Fed. Cir. Feb. 13, 2017).

On December 16, 2016, Petitioner Hephzibah-El filed yet another action in this Court against Judges Howard, Richardson and Barksdale; then United States Attorney Bentley; Assistant United States Attorneys Heavener and Corsmeier; Special Agent De Leon; and pretrial service officers Haskett and Watson. *See Hephzibah v. Howard, et al.*, Case no. 3:16-mc-62-J-32JBT (M.D. Fla.). In addition, Petitioner Hephzibah-El named Assistant United States Attorneys David P. Rhodes and Germaine M. Seider; Probation Officer Irish Anderson; and the United States and its agencies United States Marshals Service, United States Probation and Pretrial Services, United States Attorney's Office. Petitioner Hephzibah-El filed what this Court described as a "multitude of documents for filing, most of which are completely nonsensical." *See* id. at Doc. 21. On January 5, 2017, the Court held that it had no jurisdiction to consider any of the matters raised in these filings and dismissed the case for lack of subject matter jurisdiction. *Id.* The Court once again noted that Petitioner Hephzibah-El's action was "patently frivolous." *Id.* at 2 n.1.

On April 3, 2017, Petitioner Hephzibah-El filed an action in Duval Circuit Court naming the same federal officers and employees as respondents and adding additional federal defendants. Respondents United States Marshals Service, United States Probation and Pretrial Services, United States Attorney's Office, and United States Department of Justice properly removed the case to this Court, where it was dismissed as "wholly frivolous and vexatious in nature." *See Syteria Hephzibah-el v. Irish Anderson, et al.*, Case no. 3:17-Civ-44-J-25JRK (M.D. Fla.) (Doc. 8). The United States requested the Court to enjoin Petitioner Hephzibah-El from filing future frivolous lawsuits, but this Court declined, warning that it would "consider further action if [she] continues with her baseless filings." *Id.*

II. Taquan Rahshe Gullett-El

A grand jury in the United States District Court for the Central District of California returned an indictment charging Petitioner Gullett-El with two counts of making false and fictitious claims against the United States, in violation of 18 U.S.C. §§ 2(b) and 287, and two counts of retaliating against a federal law enforcement officer by making a false claim against him or slandering his title, in violation of 18 U.S.C. §§ 2(b) and 1521. *See United States v. Gullett*, Case no. 2:14-cr-00725-CAS-1, Doc. 1 (C.D. Cal. December 19, 2014); *see also United States v. Gullett*, Case no. 3:15-mj-1020-J-PDB (M.D. Fla). Petitioner Gullett-El was arrested in Jacksonville on February 12, 2015, pursuant to a valid arrest warrant issued by the United States District Court for the Central District of California. *See United States v. Gullett*, Case no. 3:15-mj-1020-J-PDB, Doc. 2 (M.D. Fla. February 12, 2015). At trial, on August 4, 2016, a jury found Mr.

Gullett guilty. *See United States v. Gullett*, Case no. 2:14-cr-00725-CAS-1, Docs. 149-151 (C.D. Cal. August 4, 2016). He was sentenced to 77 months on March 15, 2017. *Id*. at Doc. 187 (C.D. Cal. March 15, 2017).

Prior to his criminal trial, Petitioner Gullett-El filed a civil suit in this Court, alleging that his constitutional rights were violated during arrest, and seeking money damages and an order enjoining his criminal trial. *See Gullett-El v. Brown, et al.*, Case no. 3:16-cv-00249-TJC-MCR (M.D. Fla.). The suit named as defendants: Judges Barksdale, Jacqueline Chooljian and Christina Snyder from the Central District of California; Assistant United States Attorneys Corsmeier, Eddie Jauregui, and Cathy Ostiller (the latter AUSAs serving in the Central District of California); Special Agents Jeffrey Cagnacci and Patricia Mazon; pretrial service officers Jim Haskett and Kim Lee Watson; Deputy United States Marshal Brown; and the Clerk of Court for the Central District of California, Terri Nafisi. On March 28, 2016, the Court dismissed Petitioner Gullett-El's civil suit for lack of subject matter jurisdiction and specifically found it to be "patently frivolous." *See* id. at Doc. 5 n.1. Thereafter, Petitioner Gullett-El filed "numerous documents, including a 'Petition to Transfer to Cure Want of Jurisdiction' seeking to have the Court transfer the case to the United States Court of Federal Claims (Doc. 6), a 'Notice of Directly Related Cases' (Doc. 8), a 'Petition for Review of Administrative Action' and an amended petition which both appear[ed] to seek review of this Court's Order of dismissal before the United States Court of Federal Claims and/or the United States Court of Appeals for the Federal Circuit (Docs. 7 and 16), a notice and amended notice of appeal (Docs. 9 and 13), an application to proceed *in*

*forma pauperi*s before the United States Court of Federal Claims (Doc. 10), affidavits regarding his financial status (Docs. 14 and 15), and [finally] an Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 20) which again seeks to have this Court enjoin plaintiff's upcoming federal criminal trial." *See* id. at Doc. 21. The Court once again found Petitioner Gullett-El's case to be frivolous and denied his motions. *Id.*

On March 24, 2016, before his criminal trial had concluded, Petitioner Gullett-El filed a complaint with the Court of Federal Claims. *See Gullett-El v. United States*, Case no. 16-403C (Fed. Cl.). In additional filings on March 30, 2016 with that court, Petitioner requested that the Court of Federal Claims enjoin his criminal trial. *See Gullett-El v. United States,* Case no. 16-541T (Fed. Cl.). The Court of Federal Claims dismissed Petitioner Gullett-El's complaints for lack of subject matter jurisdiction. *See Gullett-El v. United States*, Case no. 16-403C, 2016 WL 1605491 (Fed. Cl. April 20, 2016)(sua sponte dismissal); *Gullett-El v. United States*, Case no. 16-541T, 2016 8813434 (Fed. Cl. July 8, 2016).

On December 16, 2016, Petitioner Gullett-El filed yet another action against Judges Snyder, Chooljian, Barksdale and Suzanne H. Segal; Assistant United States Attorneys Julian L. Andre, Corsmeier, Jauregui, and Ostiller; Special Agents Cagnacci and Mazon; pretrial service officer Haskett; Deputy United States Marshal Brown; and Clerk of Court Nafisi. *See Gullett-El v. Snyder, et al.*, Case no. 3:16-mc-63-J-32JRK (M.D. Fla.). In addition, Petitioner Gullett-El named the United States and its agencies United States Marshals Service, United States Probation and Pretrial Services, United

States Attorney's Office as defendants. On January 5, 2017, this Court held that it had no jurisdiction to consider any of the matters raised in these filing and dismissed the case for lack of subject matter jurisdiction. *Id.* at Doc. 3. The Court once again noted that Petitioner Gullett-El's action was "patently frivolous." *Id.* at 1 n.1.

On April 3, 2017, Petitioner Gullett-El filed an action in Duval County Circuit Court naming the same federal officers and employees as respondents and adding additional federal defendants. *See Gullett-El v. Watson*, *et al.*, Case no. 3:17-civ-472-J-32MCR (M.D. Fla.). He alleged he "was unlawfully arrested and unlawfully detained on February 12, 2015," (*Id.* at Doc. 2, ¶ 51), sought to "be awarded possession of his body and collateral" and "[c]ompensation in the amount of Seven Hundred Eighty-One ($781,000,000.00) Million One Ounce Silver coins of .9999 fine silver; [d]amages in the amount of Two Hundred Thirty-Four (sic) ($234,300,000.00) Million Four Hundred Thousand One Ounce Silver coins of .9999 fine silver; [and] [f]ees and costs incurred in bringing this action." *Id*. at ¶¶ 75 and 76. On, April 20, 2017, respondents United States Marshals Service, United States Probation and Pretrial Services, United States Attorney's Office, and United States Department of Justice properly removed the case to this Court, (*id.* at Doc. 1), where Judge Corrigan dismissed it as "patently and facially frivolous." *Id.* at Doc. 5 at 2 n.4.

Petitioners together filed their "Universal and International Humanitarian Declaration for Common Law Prejudgment Writ of Personal Replevin" in Duval County Circuit Court on July 4, 2017. Doc. 2. On August 1, 2017, the United States

removed that case to this Court.  Doc. 1.  For the reasons that follow, we now ask the Court to dismiss it with prejudice as frivolous.

## MEMORANDUM OF LAW

This Court should exercise its inherent authority to dismiss this latest action filed by these Petitioners as frivolous and malicious, as it has with every other civil pleading they have filed associated with their criminal proceedings.  The Petitioners' pleading under review here is particularly egregious, in light of the fact that its allegations repeat in substance allegations that two different judges of this Court found to be frivolous only several months ago.  *See Hephzibah-El v. Anderson, et al.,* Case no. 3:17-civ-44-J-25JRK (M.D. Fla.) (Doc. 8); *Gullett-El v. Watson, et al.,* Case no. 3:17-civ-472-J-32MCR (M.D. Fla.) (Doc. 5).  Moreover, the pleading in issue here dramatically expands the universe of named defendants to the frivolous claims, adding Judges Corrigan and Adams (the judges responsible for the latest round of dismissals cited above).  The expanded scope of the pleading now before the Court leaves no other option except a pre-filing injunction.

The Court clearly has the power to enter such an injunction.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting that inherent authority exists to dismiss a complaint as frivolous and malicious regardless of the plaintiff's filing status); *see also Davis v. Kvalheim*, 261 Fed. Appx. 231, *3 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties.").  A complaint is frivolous when the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." *Carroll v. Gross*, 984

F.2d 392, 393 (11th Cir. 1993). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *United States v. Hintz*, 229 F. App'x 860, 861 (11th Cir. 2007) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)).

Here, the factual allegations are clearly baseless and the legal theories indisputably meritless. Petitioners have asked the Court to issue a "Universal and International Humanitarian Declaration for Common Law Prejudgment Writ of Personal Replevin for declarant's immediate possession of the herein described personal property which is unlawfully taken and unlawfully detained." (Doc. 2 at 2, ¶ 9). Florida law provides a statutory replevin remedy that allows an individual to recover personal property wrongfully detained by another. *See James v. Jacksonville Bulk Mail Ctr.*, Case no. 3:06-CV-1120-J-34JRK, 2009 WL 2901197, at *4 (M.D. Fla. Sept. 4, 2009); Fla. Stat. § 78.01, *et seq.* An action for replevin sounds in tort, thus the Federal Tort Claims Act ("FTCA") applies when pursued against federal agencies or officers. *See* id.; *see also Williams Mgmt. Enters., Inc. v. Buonauro*, 489 So.2d 160, 164 n.8 (Fla. 5th DCA 1986) (characterizing replevin as "a tort or ex delicto cause of action"); *Davis v. United States*, Case no. 3:05–MC–24–J–25HTS, 2005 WL 3455881 (M.D. Fla. Dec. 16, 2005) (construing an action for replevin and detinue under the FTCA) (J. Adams); *Indep. Mktg. Grp., Inc. v. Keen*, Case no. 3:11-CV-447-J-25MCR, 2011 WL 13141025, at *3 (M.D. Fla. Aug. 17, 2011); *Verma v. U.S.*, 19 F.3d 646, 647 (D.C. Cir. 1994) (replevin actions against the United States governed by the FTCA). The FTCA, as amended by the Westfall Act, provides that a suit against the United States shall be the exclusive

remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). As shown below, however, this Court lacks subject matter jurisdiction and Petitioners have failed to state a claim for which relief may be granted.

## I. LACK OF SUBJECT MATTER JURISDICTION

Federal courts have jurisdiction over suits against the United States, its agencies and federal officials sued in their official capacities only to the extent that sovereign immunity has been waived. *See United States v. Mitchell*, 463 U.S. 206 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Ishler v. Internal Revenue*, 237 F. App'x 394, 397–98 (11th Cir. 2007) (per curiam) (citing *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968)) (stating that "the protection of sovereign immunity also generally extends to the employees of those agencies sued in their official capacities" and finding claims against IRS and IRS officials sued in their official capacities barred by sovereign immunity). Sovereign immunity is jurisdictional in nature as the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Thus, the scope of any waiver must be strictly construed in favor of the government. *Id.* (citation omitted). Finally, "the plaintiff bears the burden of establishing subject matter jurisdiction, and, thus, must

prove an explicit waiver of immunity." *Ishler*, 237 F. App'x at 398 (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)); *see Caldwell v. Klinker*, 646 F. App'x 842, 845 (11th Cir. 2016).

"'The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). Because the FTCA is the exclusive remedy for Petitioners' claims, "whether or not [they] invoked the FTCA or named the United States as a defendant," they cannot proceed against the federal agencies or employees in their own names. *See Caldwell*, 646 F. App'x at 846.

Courts must scrupulously observe this waiver and a federal court lacks "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in sum certain." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)); *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Because Petitioners failed to comply with the administrative claim requirement, this Court lacks subject matter jurisdiction.

Moreover, this Court lacks jurisdiction to provide the equitable relief sought by the Petitioners, i.e. the return of their bodies. "Because the FTCA does not waive

sovereign immunity for relief other than money damages, [a party's] claims seeking injunctive and declaratory relief are barred." *Kight v. U.S. Dist. Court*, Case no. 16-11845, 2017 WL 928495, at *2 (11th Cir. Mar. 9, 2017) (citing 28 U.S.C. § 1346(b)(1)); *see Peterson v. Kreidich,* Case No. 03-23147-CIV-MORENO, 2004 WL 1587952, at *2 (S.D. Fla. May 27, 2004) ("the FTCA does not allow suits for equitable relief"), *aff'd*, 139 F. App'x 134 (11th Cir. 2005).

Finally, Congress specifically excluded from the waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . ." by someone other than "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). Therefore, this Court also lacks subject matter jurisdiction with respect to any claim arising out of the actions of prosecutors, judicial officers or employees, and other employees not empowered to execute searches, seize evidence, or make arrests. *See, e.g. Bonilla v. United States*, 652 F. App'x 885, 890 (11th Cir. 2016) ("prosecutors do not qualify as 'investigative or law enforcement officer[s]' within the meaning of 28 U.S.C. § 2680(h) as they are not empowered to execute searches, seize evidence, or make arrests."). This case must be dismissed for lack of subject matter jurisdiction for this reason as well.

## II. FAILURE TO STATE A CLAIM

A complaint should survive dismissal under Rule 12(b)(6) only if it states a legally cognizable claim for relief along with allegations which could, if true, entitle the complainant to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Accordingly, a court should not assume that a plaintiff can prove facts that are not alleged in the complaint. *See Associated Gen. Contractors v. Cal. State Council of Carpenters*, 103 S. Ct. 897, 902 (1983) ("[W]e must assume that the Union can prove the facts alleged in its amended complaint. It is not, however, proper to assume that the Union can prove facts that it has not alleged . . ."). Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 550, 555 (2007)).

Here, Petitioners have filed a "Universal and Humanitarian Declaration" that seeks a "Common Law Prejudgment Writ of Personal Replevin." (Doc. 2). As stated above, Florida recognizes a cause of action to recover personal property wrongfully detained by another. *See* Fla. Stat. § 78.01*, et seq*. However, Petitioners nonsensically seek to employ this remedy to recover their bodies, Doc. 2, ¶ 83, and human body is not personal property subject to replevin. *See Lamar Advert. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 660 (5th Cir. 2005) ("we flatly reject the remarkable notion that people are property"). Indeed, the Thirteenth Amendment clearly declared that people can no longer be regarded as property.[1]

---

[1] Moreover, under Florida law, possession by the respondents of the subject property is essential to a claim of replevin. *Bush v. Belenke*, 381 So. 2d 315, 316 (Fla. Dist. Ct. App. 1980). Petitioner

In addition, "personal replevin" is an extinct common-law claim. *Seehausen v. Valenzuela*, Case no. CV 13-03582 GW RZ, 2013 WL 6017445, at *2 (C.D. Cal. Nov. 11, 2013); *Goist v. United States*, 85 Fed. Cl. 726, 739 (2009) ("personal replevin, which is a common law action to replevy a person out of prison or out of another's custody, which has been largely superseded by the writ of habeas corpus as a means of investigating the legality of an imprisonment.") (quotations omitted) (opinion not to be published). As the Florida Supreme Court has made clear, replevin should not be permitted "as here attempted, to cross over and intrude in criminal matters pending within the jurisdiction of the criminal courts." *Garmire v. Red Lake*, 265 So. 2d 2, 4 (Fla. 1972). For example, "[i]t would seriously conflict with and hamper criminal processes if evidence or contraband seized for criminal trials or purposes could be made the subject of recovery proceedings in the civil courts through procedures bypassing the criminal courts." *Id*. at 4–5.

To allow a civil replevin action to release a person arrested pursuant to a federal warrant would amount to an even greater and unwarranted intrusion into the Petitioners' criminal proceedings. The theory would place state law of replevin in direct conflict with federal criminal law, an outcome that the Supremacy Clause of the Constitution of the United States forbids. *See* U.S. Const. Art. VI, cl. 2.

---

Hephzibah-El was sentenced to time served and, consequently, her body is not in the possession of United States. *See United States v. Hephzibah*, Case no. 3:15-cr-16-J-34-MCR (M.D. Fla. March 14, 2017) (Doc. 229). As this Court has observed, *see Gullett-El v. Watson, et al.*, Case no. 3:17-civ-472-32MCR (M.D. Fla.) (Doc. 5 at 1, n.1 and Exhibit 1) , and to the best of the undersigned's knowledge, Petitioner Gullett-El remains a fugitive from justice, and therefore his body is not in the possession of the United States either. *See United States v. Gullett*, Case no. 2:14-cr-725 (C.D. Cal.)(Doc. 206).

15

Finally, a civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Petitioners' convictions have not been reversed or otherwise declared invalid.2

### III. A PRE-FILING INJUNCTION IS WARRANTED

The extensive history of unrelenting, escalating abusive civil litigation by both of these Petitioners and the uniform findings by the Court that their pleadings are frivolous, leaves the Court with no reasonable option other than to enjoin both of them from filing litigation in any forum without advance Court approval. Petitioners' long history of filing numerous baseless pleadings with this Court, in the United States Court of Federal Claims, and in Duval County Circuit Court, all arising out of their criminal proceedings,

---

2 Petitioners also allege a conclusory right to replevy a 2006 Mitsubishi Lancer, a 2003 Nissan 350Z, and a 206 Ford Focus, but nowhere in their prolix allegations do they state any facts concerning which of the many named defendants has possession of those vehicles, or why possession by any defendant is wrongful. See Doc. 2 at ¶ 84. Petitioners also allege that $2,000 was "extorted as ransom" from Petitioner Hephzibah-El by defendants Derrick Spencer and Off the Chain Bail Bonds, Inc., again seeking to replevy this amount with no explanation of the circumstances surrounding the transaction.

16

all were found to be frivolous and all were dismissed. The Court's warning about this abusive conduct have been defied. The Court should act to protect the integrity of its functions and the growing list of defendants to these cases, and should enter a pre-filing injunction.

The Court clearly has the inherent power to enter such an injunction. Courts have observed that this power rises to the level of a judicial duty under certain circumstances, which we respectfully suggest are present here. "Federal courts have both the inherent power *and the constitutional obligation* to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (emphasis supplied) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984), *cert denied*, 474 U.S. 1061 (1986)). Indeed, as the Eleventh Circuit has observed:

> A court has a *responsibility* to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. Were a frivolous lawsuit a bar to the court's inherent jurisdiction, the court would be powerless to act upon even a flood of frivolous lawsuits which threatened to bring judicial business to a standstill.

*Procup*, 792 F.2d at 1074 (emphasis supplied).

Protection from this type of abusive conduct comes in various forms, including injunctions that require pre-filing screening. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). In *Procup*, the Eleventh Circuit noted the district court's considerable discretion to issue injunctions under the All Writs Act and explained that a vexatious litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed

from <u>any</u> access to the court." 792 F.2d at 1074 (emphasis added); *see also Martin-Trigona*, 986 F.2d at 1387 ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from any access to the court.'").[3] "Before the *sua sponte* issuance of a *Martin-Trigona* injunction, however, Plaintiff is entitled to notice and an opportunity to respond." *Bafford v. Township Apartments Assoc.,* Ltd, Case no. 8:08-cv-724-T-27TGW, 2008 WL 1817333 (M.D. Fla. April 22, 2008).

Petitioners' *pro se* status offers no shield from an injunction against frivolous lawsuits. In *Patterson v. Aiken*, 841 F.2d 386, 386-87 (11th Cir. 1988), a *pro se* plaintiff filed a complaint against numerous attorneys and judges alleging, among other things, obstruction of justice, false testimony, concealing evidence, refusing to provide discovery, fabricating documents, and threatening and bribing witnesses. In affirming the district court's order granting sanctions against the plaintiff, the Eleventh Circuit noted that "*pro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.* Given Petitioners' history of filing frivolous and abusive cases such as this one, and their defiance of the Court's warnings concerning abusive, meritless litigation, it is respectfully suggested that a pre-filing injunction be entered forthwith to prevent further vexatious conduct.

---

[3] An example of an appropriate pre-filing screening injunction is attached hereto as Exhibit A.

The Petitioners leave no doubt about what they will do in the absence of such an injunction. Judge Adams and Judge Corrigan dismissed Petitioners' most recently filed frivolous complaints, and were added as defendants to the filing now before the Court, along with dozens of other newly added defendants. The expanding reach of these meritless claims will end only when the Court enjoins it. The Court should protect itself and its functions, as well as the numerous other defendants, from the needless burdens of these meritless claims, and should enjoin the Petitioners from filing any future claims against any judicial officer, law enforcement officer, or federal employee, without leave of Court.

Insofar as the Petitioners have shown themselves eager to resort to the state court system with their most recent baseless, abusive pleadings, there exists a compelling need for the injunction to cover litigation in those courts as well as in the federal system. The All Writs Act by its terms permits such an order, authorizing the "Supreme Court and all courts established by an Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Federal courts have not hesitated to extend the protective power of a pre-filing injunction to all forums. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002); *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 380 (1992); *Doe v. Bush*, 261 F.3d 1037, 1063-64 (11th Cir. 2001). The Court should fashion such an order here.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks this Court to dismiss this action with prejudice, and to enjoin Petitioners from initiating a lawsuit, action, proceeding, writ, or other matter against a judicial officer or employee, federal officer or employee, in any state or federal court, without first obtaining leave of Court.

W. STEPHEN MULDROW
Acting United States Attorney

By: s/*Lacy R. Harwell, Jr.*
LACY R. HARWELL, JR.
Chief, Civil Division
Assistant United States Attorney
Florida Bar No. 714623
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6200
Randy.Harwell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Dismiss has been mailed this 9th day of August, 2017, to:

Tacquan Rahshe Gullett-El
6722 Arlington Expressway, Suite 67213
Jacksonville, FL 32211

Syteria Hephzibah-El
6722 Arlington Expressway, Suite 67213
Jacksonville, FL 32211

s/ *Lacy R. Harwell, Jr.*
LACY R. HARWELL, JR.
Assistant United States Attorney
