**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TAQUAN RAHSHE GULLETT-EL
and SYTERIA HEPHZIBAH-EL,

    Plaintiffs,

v.                                                 Case No. 3:17-cv-881-J-32JBT

TIMOTHY J. CORRIGAN, et al.,

    Defendants.

## ORDER AND INJUNCTION

Taquan Rahshe Gullett-El and his mother, Syteria Hephzibah-El, are no strangers to this Court. Each has repeatedly filed complaints stemming from their criminal arrests and prosecutions that multiple judges of this Court and others have determined are patently frivolous and vexatious. Each time a case is dismissed, anyone involved with the dismissed case, including the judge, is named as a defendant in the next filing. Plaintiffs' pattern of abusive and disruptive litigation must be curtailed.

Before the Court is a document entitled "Universal and International Humanitarian Declaration for Common Law Prejudgment Writ of Personal Replevin" (the "Complaint"), which was originally filed in state court and removed to this Court by the United States. (Docs. 1, 2.) The Complaint names

as defendants 182 federal, state, and local agencies, their employees, and judges, including the undersigned, and other private persons and entities.[1] The United States moves to dismiss this case with prejudice and seeks an injunction preventing Plaintiffs from initiating any lawsuit or other action against a judicial or federal officer or employee in any state or federal court without first obtaining leave of that court. Plaintiffs failed to show cause as to why the relief sought by the government should not be granted. <u>See</u> Doc. 6 (Order to Show Cause).

Plaintiffs have filed numerous cases in multiple state and federal courts, and judges of this Court have repeatedly found Plaintiffs' filings to be wholly and patently frivolous and dismissed them with prejudice. In brief summary, Hephzibah-El was indicted in the United States District Court for the Middle

---

[1] Although named as a Defendant, the undersigned need not recuse himself because the suit is patently frivolous and, with each recusal, the judge to whom the case is reassigned then becomes a target of Plaintiffs' vindictiveness which culminates with that judge being named as a defendant in their next frivolous and retaliatory lawsuit. <u>See</u> <u>Cuyler v. Presnell</u>, Case No. 6:11-cv-623-Orl-22DAB (M.D. Fla. July 8, 2011) (Doc. 9 at 2 ¶ 2) ("Ordinarily, the undersigned judge would have recused herself from this case based on the fact that another judge of the court is named as a defendant herein and these Plaintiffs have sued the undersigned judge in another case. However, because Plaintiffs sue every district judge who rules against them, recusal now would merely shift the case to yet another judge whom the Plaintiffs would then sue.") Because the undersigned has dismissed a number of actions filed by Plaintiffs as frivolous, Plaintiffs have now named me as a defendant in this frivolous action.

District of Florida for attempting to obtain a passport by fraud. See United States v. Hephzibah, Case No. 3:15-cr-16-J-34MCR (M.D. Fla.). The case was assigned to United States District Judge Marcia Morales Howard and United States Magistrate Judge Monte C. Richardson. The warrant for her arrest was signed by United States Magistrate Judge Patricia D. Barksdale and executed by a Special Agent for the United States Department of State. Following a jury trial, Hephzibah-El was found guilty and eventually sentenced by Judge Howard to time served. Even before her criminal trial, Hephzibah-El filed a civil suit against Judges Howard, Richardson, and Barksdale; the Special Agent who executed the warrant; the United States Attorney for the Middle District of Florida; two Assistant United States Attorneys ("AUSAs"); an Assistant Federal Public Defender; two Pretrial Services Officers; and the Clerk of Court for the Middle District of Florida. See Hephzibah v. De Leon, Case No. 3:16-cv-248-J-32MCR (M.D. Fla.). The suit alleged that Hephzibah's constitutional rights were violated in connection with her 2015 arrest, and sought money damages and an order enjoining her criminal trial. See id. The undersigned dismissed the case for lack of subject matter jurisdiction, finding it "patently frivolous." Id. at Doc. 5, n.1.

Hephzibah-El then filed a "Petition to Transfer to Cure Want of Jurisdiction" in an attempt to have her civil case transferred to the United

3

States Court of Federal Claims, a "Notice of Directly Related Cases," a "Notice of Indirectly Related Cases," a "Petition for Review of Administrative Action" and an amended petition, which appeared to seek review of the dismissal before the Court of Federal Claims and/or the United States Court of Appeals for the Federal Circuit, notices of appeal, an application to proceed in forma pauperis in the Court of Federal Claims, financial status affidavits, and an amended motion for temporary restraining order and preliminary injunction, again in an attempt to enjoin her federal criminal proceedings. See id. at Docs. 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 21. The Court determined that Hephzibah's case was frivolous and the motions were denied.

Thereafter, on March 24, 2016, after the civil suit was dismissed but before the conclusion of her criminal proceedings, Hephzibah-El filed a complaint in the Court of Federal Claims requesting review of this Court's dismissal of her civil suit and again seeking monetary damages for alleged violations of her constitutional rights and to enjoin her criminal trial. See Hephzibah-El v. United States, Case No. 1:16-cv-402-VJW (Ct. Fed. Cl.). Her complaint was dismissed by the Court of Federal Claims for lack of subject matter jurisdiction, and the Court of Appeals for the Federal Circuit affirmed. See Hephzibah-El v. United States, Case No. 2016-2718, 676 F. App'x 1011, 1012, 2017 WL 563159, at *1 (Fed. Cir. Feb. 13, 2017).

On December 16, 2016, Hephzibah-El filed another complaint against Judges Howard, Richardson, and Barksdale; the United States Attorney for the Middle District of Florida; the two previously named AUSAs and two additional AUSAs; the previously named Special Agent; the Federal Public Defender for the Middle District of Florida; the previously named Assistant Federal Public Defender; the two previously named Pretrial Services Officers; a Probation Officer; the United States Marshals Service; United States Probation and Pretrial Services; the United States Attorney's Office; the United States; and two court-appointed attorneys. See Hephzibah v. Howard, Case No. 3:16-mc-62-J-32JBT (M.D. Fla.) at Doc. 1. Then, she filed what this Court called a "multitude of documents . . . most of which are completely nonsensical." See id. at Doc. 21, at 1. On January 5, 2017, the Court dismissed the case for lack of subject matter jurisdiction upon concluding that it had no jurisdiction to consider any of the matters raised in the filings and again determining the suit was "patently frivolous." Id. at 2 n.1.

On April 3, 2017, Hephzibah-El filed an action in state court that named the same federal officers and employees and included additional defendants. The United States and its agencies that were named as defendants removed the case to federal court, where Judge Adams (now named as a defendant here) dismissed it with prejudice as "wholly frivolous and vexatious in nature." See

5

Hephzibah-El v. Anderson, Case No. 3:17-cv-440-J-25JRK (M.D. Fla.) (Doc. 8) at 2. Although the United States requested an injunction preventing Hephzibah-El from filing additional frivolous lawsuits, the Court "decline[d] to consider a *Procup* injunction" at that time but noted it would "consider further action if [she] continues with her baseless filings." Id. at 3.

Hepzibah-El's son, Taquan Rahshe Gullett-El, was indicted in December 2014 in the United States District Court for the Central District of California for making false and fictitious claims against the United States and retaliating against a federal law enforcement officer by making a false claim against him or slandering his title. See United States v. Gullett, Case No. 2:14-cr-725-CAS-1 (C.D. Cal.). He was arrested in Jacksonville, Florida on February 12, 2015, pursuant to a warrant issued by the Central District of California. See United States v. Gullett, Case No. 3:15-mj-1020-J-PDB (M.D. Fla.). Gullett-El was found guilty following a jury trial and sentenced to 77 months' imprisonment.

Before his California criminal trial, Gullett-El filed a civil suit in this Court alleging that his constitutional rights were violated during his arrest and seeking monetary damages and an order enjoining his trial. See Gullett-El v. Brown, Case No. 3:16-cv-249-J-32MCR (M.D. Fla.). Named as defendants in that suit were Judge Barksdale of this Court and Judges Jacqueline Chooljian and Christina Snyder of the Central District of California; an AUSA of the

6

Middle District of Florida and two AUSAs of the Central District of California; two Special Agents; two Pretrial Services Officers; a Deputy United States Marshal; the Clerk of Court for the Central District of California; two Assistant Federal Public Defenders; and a court-appointed attorney. The undersigned dismissed the civil suit for lack of subject matter jurisdiction on March 28, 2016, and found it to be "patently frivolous." See id. at Doc. 5 n.1.

Thereafter, Gullett-El filed a Petition to Transfer to Cure Want of Jurisdiction which sought to have the case transferred to the United States Court of Federal Claims, a "Notice of Directly Related Cases," a "Petition for Review of Administrative Action," and an amended petition which sought review of this Court's order of dismissal in the Court of Federal Claims and/or the United States Court of Appeals for the Federal Circuit, notices of appeal, and an application to proceed in forma pauperis in the Court of Federal Claims, financial affidavits, and an amended motion for temporary restraining order and preliminary injunction, which again sought to enjoin his criminal trial. See id. at Docs. 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 20. Gullett-El's motions were denied upon the Court determining (again) that his case was frivolous. See id. at Doc. 21 at 2.

On March 24, 2016, Gullett-El filed a complaint in the Court of Federal Claims. See Gullett-El v. United States, Case No. 16-403C (Ct. Fed. Cl.). In

another action in the Court of Federal Claims, Gullett-El sought to enjoin his criminal trial. See Gullett-El v. United States, Case No. 16-541T (Ct. Fed. Cl.). Both complaints were dismissed by the Court of Federal Claims for lack of subject matter jurisdiction. See Gullett-El v. United States, Case No. 16-403C, 2016 WL 1605491 (Ct. Fed. Cl. Apr. 20, 2016); Gullett-El v. United States, Case No. 16-541T, 2016 WL 8813434 (Ct. Fed. Cl. July 8, 2016).

In December 2016, Gullett-El filed another pleading in the Middle District of Florida against Judges Snyder, Chooljian, Barksdale, and Suzanne H. Segal; four AUSAs; two Special Agents; a Pretrial Services Officer; a Deputy United States Marshal; a two Assistant Federal Public Defenders; two court-appointed attorneys; and the Clerk of Court for the Central District of California. Gullett-El v. Snyder, Case No. 3:16-mc-63-J-32JRK (M.D. Fla.) at Doc. 2. Also named as Defendants were the United States, United States Marshals Service, United States Probation and Pretrial Services, and the United States Attorney's Office. The undersigned dismissed the case for lack of subject matter jurisdiction on January 5, 2017, and the Court again noted that "the case is patently frivolous." See id. at Doc. 3 at 1 n.1.

On April 3, 2017, Gullett-El filed a complaint in Duval County Circuit Court naming the same federal officers, employees, and agencies, as well as additional federal defendants and others. That case was removed by the United

8

States to federal court on April 20, 2017. Gullett-El v. Watson, Case No. 3:17-cv-472-J-32MCR (M.D. Fla.) (Docs. 1, 2). In that Complaint, Gullett-El sought, among other things, to "be awarded absolute possession of his body and collateral" and "[c]ompensation in the amount of Seven Hundred Eight-One ($781,000,000.00) Million One Ounce Silver coins of .9999 fine silver"; "[d]amages in the amount of Two Hundred Thirty-Four ($234,300,000.00) [sic] Million One Ounce Silver coins of .9999 fine silver"; and fees and costs. (Doc. 2 at ¶75 and the second paragraph numbered as 76.) Upon the United States' motion, the case was dismissed with prejudice as "patently and facially frivolous." Id. at Doc. 5 at 2 n.4.

On July 4, 2017, Gullett-El and Hephzibah-El then filed their "Universal and International Humanitarian Declaration for Common Law Prejudgment Writ of Personal Replevin" in Duval County Circuit Court, which was removed to this Court by the United States (one of the 182 named defendants) on August 1, 2017. Docs. 1, 2. The government now moves to dismiss the case with prejudice and seeks to have the Court enjoin Plaintiffs from future filings without obtaining leave of Court. Doc. 5.   On August 24, 2017, the Court issued an Order directing Gullet-El and Hephzibah-El to show cause as to why their case should not be dismissed with prejudice and why an injunction should not enter prohibiting them from filing new complaints or pleadings without leave

9

of court under penalty of monetary sanction. Doc. 6. Neither of them responded.[2]

Courts have the inherent authority to dismiss a complaint as frivolous. Mallard v U.S. Dist. Court, 490 U.S. 296, 307-08 (1989). A case may be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). See also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (reiterating principle that federal courts are without power to consider cases that are absolutely devoid of merit or obviously frivolous) (citations omitted). The Court has reviewed the Complaint and finds, even under the liberal standard of review afforded pro se litigants, this case is no more meritorious than Plaintiffs' prior filings. Rather, it is vexatious, patently frivolous, and due to be dismissed with prejudice.

In addition to being wholly and patently frivolous,

> the Plaintiffs' vexatious filings have required the undersigned . . . to divert attention and resources away from the pressing and legitimate administrative business of this very busy Court to address the procedural and administrative ramifications of these baseless suits. In sum, Plaintiffs' frivolous and vindictive filings have repeatedly and unnecessarily wasted far too much of this Court's time. Plaintiffs

---

[2] The Court's Order directed Plaintiffs to respond by September 12, 2017 but the Courthouse was closed that day due to Hurricane Irma. The Courthouse reopened on September 13, 2017 and the Court has waited an additional week for Plaintiffs to respond before entering this Order.

10

> apparently believe they can convert the judicial system into an instrument of revenge and can bully the judiciary into issuing favorable rulings. That is not how the process works. This Court will not allow such gamesmanship to continue.

Cuyler v. Presnell, Case No. 6:11-cv-623-Orl-22DAB (M.D. Fla. Aug. 4, 2011) (Doc. 11 at 11).

In both Hephzibah-El's and Gullett-El's previous lawsuits (which were dismissed as patently frivolous), the Government sought a pre-filing injunction but the Court declined to grant one. However, both plaintiffs were warned that the Court would consider such action if they continued with their baseless filings. See Hephzibah-El v. Anderson, Case No. 3:17-cv-440-J-25JRK (M.D. Fla. May 2, 2017) (Doc. 8 at 3 ¶ 1) (noting that, although the United States requested an injunction preventing Hephzibah-El from filing additional frivolous lawsuits, the Court "decline[d] to consider a *Procup* injunction" at that time but would "consider further action if [she] continues with her baseless filings."); Gullett-El v. Watson, Case No. 3:17-cv-472-J-32MCR (M.D. Fla. Apr. 25, 2017) (Doc. 5 at 3 ¶ 4) (noting that, although the Court "decline[d] to consider a Procup injunction at this time[,]" it would "consider further action if Petitioner [Gullett-El] continues with his baseless filings." (citing Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986)). Now, Plaintiffs' continued disregard for the law, the rules of this Court, and this Court's prior

11

admonishments about filing frivolous cases demonstrate that such an injunction is warranted.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup, 792 F.2d at 1073. Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1074. While litigants cannot be completely foreclosed from access to the court, courts have considerable discretion to curtail how abusive litigants present themselves to the court, including the power to issue injunctions that require pre-filing screening. Id. Despite multiple warnings of the potential consequences, it is clear from the filing of this lawsuit that Plaintiffs intend to continue their history of abusive, frivolous litigation.

The Court has considered other, lesser alternatives, and finds that nothing short of a pre-filing injunction will be effective. Moreover, because Plaintiffs have shown their willingness to file meritless claims in a variety of courts, the Court finds it appropriate to issue an injunction that extends not only to this Court but to the Fourth Judicial Circuit in and for Duval County, Florida, as well. If it proves necessary in the future, the Court will consider expanding the injunction to include other courts. See, e.g., Riccard v. Prudential

Ins. Co., 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002) (approving of injunction preventing suit by plaintiff or anyone acting on his behalf in <u>any forum</u> without first obtaining leave to file).

Accordingly, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (Doc. 5) is **GRANTED**.

2. This case is **DISMISSED with prejudice**.

3. Plaintiffs Taquan Rahshe Gullett-El and Syteria Hephzibah-El are **ENJOINED** from initiating any action or other matter in the United States District Court for the Middle District of Florida or the Fourth Judicial Circuit in and for Duval County, Florida, <u>without obtaining prior approval from this Court</u>. The Court will adopt the pre-screening procedure established in <u>Cuyler v. Presnell</u>, Case No. 6:11-cv-623-Orl-22DAB (M.D. Fla.) (Docs. 11, 20), as follows:

   a. **<u>Procedure in the Middle District of Florida</u>**

   Henceforth, any complaint or other pleading Taquan Rahshe Gullett-El and/or Syteria Hephzibah-El present to the Clerk's Office in the Middle District of Florida for filing shall be specially handled in the following manner. Rather than filing the complaint or pleading and opening a new case, the Clerk's Office shall forward it to the duty Magistrate Judge in the respective Division for

13

review and screening. See Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-filing screening requirements). The Magistrate Judge will determine whether the complaint or pleading has arguable merit; that is, a material basis in law and fact. No abusive, frivolous, scandalous, or otherwise impertinent complaint or pleading shall be permitted. If the action is arguably meritorious, the Magistrate Judge shall issue an order so stating and shall direct the Clerk of Court to file the complaint or pleading for normal assignment. Such order shall be docketed along with the complaint or pleading in the new civil case. If, however, the Magistrate Judge's preliminary review determines that the tendered filing has no arguable merit, the Magistrate Judge shall enter an order so finding, in which event the complaint or pleading will not be filed with the Court. Instead, the Clerk's Office shall return the original tendered document to Plaintiff(s) after making a copy for the Court.

In addition to docketing this Order in the instant case, the Clerk shall open a miscellaneous case and shall file the Order in that case, as well. Hereafter, any order determining that a complaint or pleading tendered by Plaintiff(s) has no arguable merit shall also be filed in the miscellaneous case, along with a copy of the complaint or pleading in question, both of which shall be forwarded to the United States Attorney.

Upon a finding that a tendered complaint or pleading lacks arguable merit, Plaintiff(s) shall be subject to a monetary sanction in the amount of $1,000.00 per case and/or such other sanctions as the Court deems appropriate. Any money judgment arising from such sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Hephzibah-El and/or Gullett-El to procure the seizure and sale of personal assets to satisfy the judgment.[3]

### b. Procedure for New Lawsuits in the Fourth Judicial Circuit Court in and for Duval County, Florida

Taquan Rahshe Gullett-El and Syteria Hephzibah-El are permanently enjoined from initiating any action or other matter in the Fourth Judicial Circuit Court in and for Duval County, Florida, without first obtaining leave from this Court. In moving for leave, the respective plaintiff shall: (1) file with

---

[3] See, e.g., In re Roy Day Litig., 976 F. Supp. 1455, 1459 (M.D. Fla. 1995) ("Rule 11, Federal Rules of Civil Procedure, permits the Court to enter monetary or other sanctions against a party for filing or pursuing frivolous actions. Frivolous actions include both those brought for an improper purpose, such as vexation, and those without basis in either law or fact. In the event a Magistrate's preliminary review results in a finding that Day's action is frivolous, that action will not be filed with the Court but instead will be returned to Day. Upon such a finding, Day will be subject to sanction in an amount not less than $1,000.00 per case. Of course, any money judgment arising from those sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Day to procure the seizure and sale of his personal assets to satisfy the judgment.").

15

the proposed complaint or pleading a motion entitled "Motion Seeking Leave to File a Complaint or Pleading"; and (2) attach as "Exhibit 1" of the motion a copy of this Order. The duty Magistrate Judge will review and decide the motion for leave, employing the same standards and procedures as will be used for new matters submitted for filing in this Court, including the awarding of monetary sanctions if appropriate, as described above.

4. The measures imposed by this Order are in no way intended to restrict other judges' authority to impose additional sanctions as necessary.

5. On or before **October 20, 2017**, the United States Marshal shall personally serve Taquan Rahshe Gullett-El and Syteria Hephzibah-El with a copy of this Order and shall promptly thereafter file a return of such service.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of September, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

ab
Copies:

All Jacksonville District and Magistrate Judges
Honorable Christina A. Snyder, United States District Judge
    for the Central District of California
Honorable Jacqueline Chooljian, United States Magistrate Judge
    for the Central District of California
Honorable Suzanne H. Segal, United States Magistrate Judge
    for the Central District of California
Honorable Mark H. Mahon, Chief Judge, Fourth Judicial Circuit Court
    in and for Duval County, Florida
Clerk of Court, Middle District of Florida
Chief Deputy Clerk of Court – Operations, Middle District of Florida
Jacksonville Division Manager
Penelope Knox, SDUSM
Clerk of Court, United States Court of Federal Claims
Clerk of Court, United States District Court for the Central District
    of California
Clerk of Court, Florida Fourth Judicial Circuit Court
Counsel of record
<u>Pro</u> <u>se</u> Plaintiffs