UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

11th Circuit Appeal Number: _____

| | |
|---|---|
| Taquan Rahshe Gullett-El and Sytecia Hephzibah-El, In Propria Persona, Claimant Affiant. | Claim Number: 3:17-cv-881-J-32JBT |
| | AFFIDAVIT OF MERITS AS NOTICE OF APPEAL AND AS OBJECTION TO ORDER AND INJUNCTION DAT... |
| V. | 20th Day of September 2017 AND AS INVITATION WITHIN 180-DAY PERIOD TO REOPEN TIME FOR APPEAL |
| Timothy J. Corrigan; personal private capacity, et al., | |
| Respondent(s). | In accord with: |

• Universal Declaration of Human Rights (1948)
• United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960.
• U.N. Declaration on the Rights of Indigenous Peoples (2007)
• Geneva Conventions, Hague Evidence Conventions, Inter-American Conventions, and all annexes thereto.
• Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 § 112]
• Treaty of Peace and Friendship (1787) and
• united states for America Organic Constitution (178...) First Amendment Redress for Grievances

ROME STATUTE

"Habeas Corpus Natural Equity Claim"
CONTRACT UNDER SEAL

1 of 18

U.S. COURT OF APPEALS
RECEIVED
CLERK
MAR 1 2 2018
ATLANTA, GA

NOTICE: THIS DOCUMENT IS A PUBLIC ENTITY ACT/AGREEMENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshefl, and Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU (Religious Consul) Association, hereinafter, "Affiant," Divine Immortal Spirit In Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity, in accord with the meaning of 18 U.S.C. §1101 - Alien(s), Alien (Foreign) Estate(s); and 18 U.S.C. §§1116 (b)(1),(2),(3),(4) - Alien (Foreign) Governments, Alien (Foreign) Officials(s), Internationally Protected Persons, Family]; irrespective of recognition by the United States [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court TAQUAN GULLETT ESTATE NOTICE OF TRUST / SYTERIA LAWRENCE ESTATE NOTICE OF TRUST #'s 16-2017-CP-1286/1287; TAQUAN GULLETT ESTATE CAVEAT / SYTERIA LAWRENCE ESTATE CAVEAT #'s 16-2017-CP-1020/1025; TAQUAN GULLETT ESTATE Personal Replevin Claim, SYTERIA LAWRENCE ESTATE Personal Replevin Claim #'s 16-2017-CA-2142/2144].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran (7) Circle Seven, Zodiac Constitution AA222141(A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), Mad'rid Convention for Protection in Morocco (1880) codified at 18 U.S.C. Chapter 7 §1121, Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), ROME STATUTE, Geneva Conventions, Hague Evidence Conventions, Inter-American Conventions, and all annexes thereto and united states for America Organic Constitution (1787) Article One Section Nine, First Amendment Redress for Grievances, and Amendments 1-10 codified at 28 U.S.C. §§ 2241-2243, 2246 et seq.; 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§1987, 1988, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§1, 2; Fed. R. Civ. P. 3, 4(b), 5(b), 5(d)(2)(A), 28(b), 33, 37(a), 55, 56, 77(d); Fed. R. App. P. 4(a)(5), 4(a)(5)(A)(ii), 4(a)(6); 28 U.S.C. §2107(c)]. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with Rule II for corrective action by this Affidavit of Merits As Notice of Appeal And As Objection To Order And Injunction Dated 20th Day of September 2017 And As Invitation Within 180-Day Period To Reopen Time For Appeal - Habeas Corpus Natural Equity Claim Contract Under Seal against Respondent(s) in their personal private capacity(ies).

2 of 18

## Notice of Appeal

3. TO ALL PARTY(IES) TAKE NOTICE that Appeal is taken as of right by Affiant to the Eleventh Circuit Court of Appeals for the Order and Injunction entered on or about the 20th day of September, 2017, and for the Show Cause Order dated 24th day of August, 2017, and for the Removal in this action. Said Order and Injunction, Show Cause Order, and Removal, does constitute a Denial of Justice, Denial of Equality Before the Law, Abuse of Discretion, Arbitrary and Capricious Decisions/Actions and does further substantiate Affiant factual and lawful claims stated, related, proffered, and preferred in the Affidavits For Habeas Corpus/Affidavits of Probable Cause/Criminal Complaints publicly filed and directly related to this instant matter.

4. The courts' attention is directed to take JUDICIAL NOTICE OF ADJUDICATIVE FACTS [Fed. R. Evid. 201]: [A] Habeas Corpus Action: 5:17-cv-00527-WTH-PRL (11th Circuit Interlocutory Appeal Number: 18-10860), [B] Habeas Corpus Action: 4:17-cv-00532-WS-CJK (11th Circuit Interlocutory Appeal Numbers: 18-10860, 18-10460); [C] Affidavit of Information as Letter Rogatory To United Nations High Commissioner For Human Rights and as Proffer and Preferral To International Court of Justice (ICJ) and International Criminal Court (ICC) USPO Certified Mail # 7017 0530 0001 1315 0499 [Affidavit of Information/Letter Rogatory To U.N. OHCHR/ICJ/ICC]; [D] Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges To Attorney General + All Constitutional Authorities of Record USPO Certified Mail # 7017 0530 0001 1315 0185 [Affidavit of Information/Letter Rogatory To Attorney General]; all annexed hereto in full by this reference and Judicial Notice.

## Definition of Terms

5. The term "Arbitrary" means "(of a judicial decision) founded on prejudice or preference rather than on reason or fact — this type of decision is often termed Arbitrary and Capricious" [see Black's Law Dictionary (BLD) 8th Ed.];

6. The term "Capricious" means "(of a decree) contrary to the evidence or established rules of law" [see BLD 8th Ed.];

7. The term "Abuse of Discretion" means "an adjudicator's failure to exercise sound, reasonable, and lawful/legal decision-making; an appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, unlawful/illegal, or unsupported by the evidence" [see Corpus Juris Secundum (C.J.S.) Appeal and Error § 772];

8. The term "Denial of Justice" means "(International Law) a defect in a country's organization of courts or administration of justice, resulting in the country's violating its international lawful/legal duties to protect aliens – a denial of justice is a wrongful act under International Law – also termed Justitia Denegata; Deni De Justice; Refus De Justice" [see BLD 8th Ed.];

9. The term "Equality Before the law" means "the status or condition of being treated fairly according to regularly established norms of justice; especially in British constitutional law; the notion that all persons are subject to the ordinary law of the land administered by the ordinary law courts, that officials and others are not exempt from the general duty of obedience to the law, that discretionary governmental powers must not be abused, and that the task of superintending the operation of law rests with an impartial, independent judiciary" [see BLD 8th Ed.];

10. The term "Criminal Complaint" means "a written statement of essential facts constituting the offense charged; in the federal courts, it is to be made upon oath before a magistrate" [see Federal Rules of Criminal Procedure (Fed. R. Crim. P.) 3];

11. The term "Autochthonous" means "a people whose national origin derives from the law right of blood (jus sanguinis) of the Original Indigenous peoples of a particular place; as opposed to a native people whose only claim is jus soli (right of soil) of a particular place where born, being descended from colonists;

12. The term "Ex Rel." (abbr.) means "[Latin Ex Relation "by or on the relation of" (1838)] on the relation or information of • a suit Ex Rel. is typically brought by the government upon the application of a private party (called a relator) who is interested in the matter" [see BLD 10th Ed.];

13. The term "Relator" means "① the real party in interest in whose name a state or attorney general brings a lawsuit; ② the applicant for a writ, especially a writ of mandamus, prohibition, or quo warranto; ③ someone who furnishes information on which a civil or criminal case is based; an informer; ④ a habeas corpus [Affiant] petitioner [see BLD 10th Ed.].

Objection to Order and Injunction Dated 20th Day of September 2017, Show Cause Order Dated 24th Day of August 2017, and Removal; and Invitation For 180-Day Period To Reopen Time for Appeal

14. On or about March 2, 2018, Affiant was served the Order and Injunction Dated 20th Day of September, 2017, at FCC Coleman USP-1 Receiving and Discharge (R+D), in person, by two unidentified men who appeared to be agents of the United States Marshal's Service. Affiant had no knowledge of the Order and Injunction Dated 20th Day of September, 2017, nor did he have any knowledge of the Show Cause Order Dated August 24, 2017, nor did he have any knowledge of the Removal of this action from the 4th Judicial Circuit Duval County Florida, until on or about March 2, 2018, when Affiant was personally served as above-mentioned. Affiant was not afforded any Notice nor Opportunity to timely respond

5 of 18

to the Order and Injunction Dated 20th Day of September 2017, nor the Show Cause Order Dated August 24, 2017, nor the Removal of this action because Affiant and Affiant's Mother (Relators) have been kidnapped/assaulted/human trafficked/unlawfully and unconstitutionally arrested and detained/falsely imprisoned by the Respondent(s)/Defendant(s) to this action since on or about July 20, 2017 [see Habeas Corpus Affidavits for Actions 5:17-cv-0052 WTH-PRL and 4:17-cv-00532-WS-CJK; see Affidavits of Information/Letters Rogatory T Attorney General; see Affidavits of Information/Letters Rogatory To U.N, OHCHR/ICJ/ICC].

15. Corrigan, Timothy J. [personal private capacity] and the Respondent(s)/Defendant(s) KNEW an KNOW that Affiant and Affiant's Mother have been unlawfully detained and falsely imprisoned in federal prison since on or about July 20, 2017, because Corrigan, Timothy J and the Respondent(s)/Defendant(s) affected the kidnapping/assaulting/human trafficking/ unlawful and unconstitutional arresting and detaining/false imprisoning of Affiant and Affiant's Mother out of the United States District Court Middle Florida Jacksonville Division Since Affiant was never served with the Order and Injunction, Show Cause Order, & Removal until on or about March 2, 2018 (Affiant has no knowledge if or when Affiant's Mother has been served at all), herein is timely Notice of Appeal and timely Objection to the Removal, Show Cause Order, and Order and Injunction in this matter. The foregoing does constitute "excusable neglect" and "good cause" and Affiant invites the court to reopen the time to appeal as this invitation is within 180-Days of the Order and Injunction Dated 20th day of September

16. Excusable neglect sufficient to support an extension by reopening the time for appeal is show when circumstances are such that equity would excuse the conduct that prevented a timely filing of a notice of appeal [see Fed. R. App. P. 4(a)(5)(A)(ii), 4(a)(6)]. Regarding excusable neglect, the Supreme Court noted that: "An equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... [A] the length of the delay

and its potential impact on judicial proceedings; [B] the reason for the delay, including whether it was within the reasonable control of the movant; and [C] whether the movant acted in good faith." [see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395-397, 113 S.Ct. 1489, 1498-1499, 123 L.Ed.2d 74, 89-91 (1993)].

17. The same standard for "excusable neglect" has been applied by numerous other court cases [see Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996) - citing numerous other cases from other circuits reaching the same conclusion]. Applying this standard, courts have found excusable neglect when: [A] the appellant, through no fault of their own, did not learn of a judgment that had been erroneously and prematurely entered by the clerk [see Mennen Co. v. Gillette Co., 719 F.2d 568, 570-571 (2d Cir. 1983)] [B] uncontrollable delay in the delivery of the mail which affected delivery of the notice of appeal to the clerk [see Ramseur v. Beyer, 921 F.2d 504, 506-507 (3d Cir. 1990)].

18. Regardless of whether the notice of appeal is filed before or during the 30-days after the time prescribed by the Rule, the district court may extend the time to file by reopening the time for appeal if the party shows "excusable neglect" or "good cause" [see Fed. R. App. P. 4(a)(5)(A)(ii), 4(a)(6)]. The "good cause" standard is more lenient than the "excusable neglect" standard, and is left to accommodate a wider array of circumstances than under the stricter excusable neglect threshold [see Allied Steel, General Contract v. Abilene, 909 F.2d 139, 143 n.3 (5th Cir. 1990); Lackie-Chapley Constr. Co v. Cherrington, 865 F.2d 907, 909-910 n.5 (7th Cir. 1989)]. In fact, the district court may reopen time for filing a civil appeal if the party did not receive notice of entry of order or judgment in question specified by [Fed. R Civ. P. 77(d) [see 28 U.S.C. §2107(c)].

19. Affiant does clearly state, affirm, declare, and remonstrate, on and for the record, that [A] Affiant, through no fault of his own, did not learn of the Order and Injunction, Order To Show Cause, and Removal in this action until on or about March 2, 2018, and Affiant + Affiant's Mother have been prejudiced; [B] this appeal is taken both within 180-days of the date of the Order and Injunction, and within 14-days of the date of receiving notice by formal service in accord with Rule 77(d); and [C] Affiant and Affiant's Mother are acting in good faith.

20. "Where an Affiant has procedurally defaulted a claim [by no fault of his/her own the claim may be raised in a Habeas Corpus Action if Affiant can remonstrate either 'cause,' 'actual prejudice,' or that he/she is 'actually innocent'" [See Bousley v. United States, 523 U.S. 614, 621 (1998)]. The Habeas Corpus Affidavits in Claims 5:17-cv-00527-WTH-PRL and 4:17-cv-00532-WS-CJK do remonstrate "cause," "actual prejudice," and that Affiant and Affiant's Mother are "actually innocent."

21. Affiant Objects to the Removal and Challenges the Removal from state court to the district court as Affiant was never served with the Notice of Removal nor did Affiant have an Opportunity to respond to the Removal. Personal jurisdiction over any Affiant exists only if the Notice of Removal is properly served and only if exercise of jurisdiction over Affiant is consistent with due process (i.e. Notice and Opportunity) [See International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 L.Ed. 95 (1945) - due process standards involves minimum contacts and "traditional notions of fair play and substantial justice."]

22. The Appellate Courts' power is not limited and the appellate court has power to second guess rulings of district court on stays or injunctions and to handle all aspects of the appeal, including modifying or suspending an injunction [Fed. R. Civ. P. 62(g); Fed. R. App. P. 8(a)(2); Institute of Cetacean Research V. Sea Shepherd Conservation Soc'y, 702 F.3d 573, 573 (9th Cir. 2012)].

23. Affiant further directs the courts' attention to take Judicial Notice [Fed. R. Ev. 201] of the following:

A. Universal Declaration of Human Rights (1948), Article 6 - Everyone has a right to recognition everywhere as a person before the law;

A1. * Article 7 - All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination;

A2. * Article 8 - Everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights granted them by the constitution or by law;

A3. Article 9 - No one shall be subjected to arbitrary arrest, detention, or exile;

A4. Article 12 - No one shall be subjected to arbitrary interference with their privacy, family, home, or correspondence, nor to attacks upon their honor and reputation. Everyone has the right to the protection of the law against such interference or attacks;

A5. Article 15 - Everyone has the right to a nationality; ② No one shall be arbitrarily deprived of their nationality nor denied the right to change their nationality;

A6. Article 16 - ③ The family is the natural and fundamental group of a society and is entitled to protection by society and the State;

A7. Article 17 - ① Everyone has the right to own property alone as well as in association with others; ② No one shall be arbitrarily deprived of their property;

A8. Article 20 - ① Everyone has the right to freedom of peaceful assembly and association ② No one may be compelled to belong to an association;

A9. Article 28 - Everyone is entitled to a social and international order in which the rights and freedoms set forth in this Declaration can be fully realized.

B. United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960:

B1. Considering the important role of the United Nations in assisting the movement to independence in Trust and Non-Self Governing Territories,

B2. Recognizing that the peoples of the world ardently desire the end of colonialism in all its manifestations,

10 of 18

B3. Convinced that the continued existence of colonialism prevents the development of international economic co-operation, impedes the social, cultural, and economic development of dependent peoples and militates against the United Nations ideal of universal peace,

B4. Believing that the process of liberation is irresistable and irreversible and that, in order to avoid serious crises, an end must be put to colonialism and all practices of segregation and discrimination associated therewith,

B5. Convinced that all peoples have an inalienable right to complete freedom, the exercise of their sovereignty and the integrity of their national territory,

B6. Solemnly proclaims the necessity of bringing to a speedy and unconditional end to colonialism in all its forms and manifestations;

B7. And to this end Declares that:

B8.1. The subjection of peoples to alien subjugation, domination, and exploitation constitutes a denial of fundamental human rights, is contrary to the Charter of the United Nations and is an impediment to the promotion of world peace and co-operation.

B8.3. Inadequacy of political, economic, social, or educational preparedness should never serve as a pretext for delaying independence.

11 of 18

B8.4. All armed action or repressive measures of all kinds directed against dependent peoples shall cease in order to enable them to exercise peacefully and freely their right to complete independence, and the integrity of their national territory shall be respected.

B8.5. Immediate steps shall be taken, in Trust and Non-Self Governing Territories or all other territories which have not yet attained independence, TO TRANSFER ALL POWERS TO THE PEOPLES of those territories, without any conditions or reservations, in accordance with their freely expressed will and desire, without any distinction as to race, creed, or color, in order to enable them to enjoy complete independence and freedom.

B8.7. All States shall observe faithfully and strictly the provisions of the Charter of the United Nations, the Universal Declaration of Human Rights, and the present Declaration on the basis of equality, non-interference in the internal affairs of all States, and respect for the sovereign rights of all peoples and their territorial integrity.

C. United Nations Declaration on the Rights of Indigenous Peoples (2007), Article 1 – Indigenous (Autochthonous) peoples have the right to the full enjoyment, as a collective or individuals, of all human rights and fundamental freedoms as recognized in the Charter of the United Nations, the Universal Declaration of Human Rights, and international human rights law.

C1. Article 6 – Every Indigenous (autochthonous) individual has the right to a nationality.

C2. Article 11, 20, 28, 32 – Indigenous (Autochthonous) peoples have the right to just and fair redress... States shall provide just and fair redress through effective mechanisms.

12 of 18

C3. Articles 21, 22 - Particular attention shall be paid to the rights and special needs of indigenous (autochthonous) elders, women ... to enjoy the full protection and guarantees against all forms of violence and discrimination.

C4. Preamble, Article 37 - Indigenous (Autochthonous) peoples have the right to the recognition, observance, and enforcement of treaties *, agreements *, and other constructive arrangements ** concluded with States or their successors and to have States honour and respect such treaties *, agreements *, and other constructive arrangements. **

C5. Article 31 * - Indigenous (Autochthonous) peoples have the right to maintain, control, protect, and develop their intellectual property ** [i.e. Estate Property Corporeal and Incorporeal] over such cultural heritage, traditional knowledge, and traditional cultural expressions. In conjunction with indigenous (autochthonous) peoples, States shall take effective measures to recognize and protect the exercise of these rights [i.e. filing civil/criminal lawsuits]

C6. Article 39 - Indigenous (Autochthonous) peoples have the right to have access to financial and technical assistance from States and through international cooperation, for the enjoyment of the rights contained in this Declaration.

C7. Article 40 - Indigenous (Autochthonous) peoples have the right to access to and prompt decision through just and fair procedures for the resolution of conflicts and disputes with States or other peoples, as well as to effective remedies for all infringements of their individual and collective rights. Such a decision shall give due consideration to the customs, traditions, rules, and legal systems of the indigenous (autochthonous) peoples concerned and international human rights.

13 of 18

C8. Article 41- The organs and specialized agencies of the United Nations system and other intergovernmental organizations shall contribute to the full realization of the provisions of this Declaration through the mobilization, inter alia, of financial cooperation and technical assistance. Ways and means of ensuring participation of indigenous (autochthonous) peoples on issues affecting them shall be established.

C9. Article 42- The United Nations, its bodies, including the Permanent Forum on Indigenous Issues, and specialized agencies, including at the country level, and States shall promote respect for and full application of the provisions of this Declaration and follow up the effectiveness of this Declaration.

C 10. Article 43- The rights recognized herein constitute the minimum standards for the survival, dignity, and well-being of the indigenous (autochthonous) peoples of the world.

C11. Articles 28, 20- Indigenous (Autochthonous) peoples have the right to redress, by means that can include restitution or, when this is not possible, just and fair equitable compensation, ... Indigenous (Autochthonous) peoples deprived of their means of subsistence and development are entitled to just and fair redress.

14 of 18

## Conclusion

24. Wherefore, all of the foregoing does show reasonable and probable cause why the Order and Injunction, Show Cause Order, and Removal in this matter are Arbitrary, Capricious otherwise not in accordance with International Law, National Law, Local Law, Supreme Court Case Law, and Courts of Appeal Case Law; and that said Order and Injunction, Show Cause Order and Removal do constitute a Denial of Justice, Denial of Equality Before the Law, Abuse of Discretion, Discrimination and/or Deprivation and/or Conspiracy to Deprive and/or Resistance to the full enjoyment of people's constitutionally protected Natural Rights, Human Rights and/or Civil Rights, privileges, and/or immunities. Said violations and infringements do further substantiate Affiant's factual and lawful claims stated, related, proffered, and preferred in the Affidavits For Habeas Corpus/Affidavits of Probable Cause/Criminal Complaints publicly filed in this directly related matter [see Claims 5:17-cv-00527-WTH-PRL 4:17-cv-00532-WS-CJK; see Affidavits of Information/Letters Rogatory To U.N. OHCHR/ ICJ/ICC; see Affidavits of Information/Letters Rogatory To Attorney General].

25. Affiant and Affiant's Mother (as Relators) respectfully invite the assistance of the United Nations High Commissioner For Human Rights; United Nations, including without limitation the Permanent Forum on Indigenous Issues; the bodies, organs, and specialized agencies of the United Nations system; and All Constitutional Authorities of Record; in the nature of an Ex Rel. Action/Humanitarian Intervention/Amicus Curiae [see Fed. R. Civ. P. 24], for such equitable relief as may be appropriate to insure the minimum corrective measures necessary in this action and the directly related Habeas Corpus Actions. Affiant further respectfully invites financial and technical assistance, access to and prompt decision through just and fair procedures for the resolution of this action and the directly related Habeas Corpus Actions, as well as to effective remedies for all infringements. Finally, Affiant and Affiant's Mother invite all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to resolve this matter and the directly related matters as law and justice require. In Honor,

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Himself and Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in SuiJuris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Third day of the Third month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Eight (1438) [Gregorian Calendar Year (G.C.Y.) 2018 - March, 3 ]

### Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend

Maalik Taquan Rahshe Gullett El ; Son, On Behalf of Himself and Mother :

Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Political Prisoners of War for National Liberation from Colonialism P.O.W.'s 62013-018 61975-018

Unlawfully Detained and Falsely Imprisoned at:

Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida [33521-1033]
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, N.E., Tallahassee, Florida [33301]

16 of 18

NOTICE TO AGENT IS NOTICE TO PRINCIPAL; NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

## <u>Certificate of Service</u>

I, Taquan Gillett, also called Maalik Rahshe El; Son, On Behalf of Himself and Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien [Friend Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man/Women of majority, do certify and affirm that on or about the Third day of the Third month in the year of Our Lord Father Allah Fourteen Hundred Thirty-Eight (1438) [GCY, 2018 March 3], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit of Merits As Notice of Appeal And As Objection To Order And Injunction Dated 20th Day of September 2017 And As Invitation Within 180-Day Period To Reopen Time For Appeal [18 pages].

All document(s) are included to:

A. Clerk of Court, U.S.D.C. Middle Florida Jacksonville Division; Attn: Corrigan, Timothy J.; 300 North Hogan Street, Jacksonville, Florida 32202  *et al. ;per:sonal private capacit..*

B. David J. Smith, Clerk of Court; Eleventh Circuit Court of Appeals; 56 Forsyth Street, N.W., Atlanta, Georgia 30303

Cc: to the following:

C. Zeid Ra'ad Al Hussein, United Nations High Commissioner For Human Rights (ONCHR)
OHCHR in New York/U.N. Headquarters, New York, New York 10017
Cc: OHCHR-UNOG, 8-14 Avenue de la Paix, 1211 Geneva 10, Switzerland

D. Vice Admiral James Crawford, III ; Judge Advocate General Navy
  Rear Admiral John G. Hannik ; Deputy Judge Advocate General Navy
  1322 Patterson Avenue, Suite 3000, Washington Navy Yard, District of Columbia 20374-5

E. Anne M Brennan ; Acting General Counsel of the Navy
  Garret L. Ressing ; Deputy General Council of the Navy
  2000 Navy Pentagon, Washington, District of Columbia 20350

F. Rear Admiral Steven J. Anderson ; Judge Advocate General & Chief Counsel U.S. Coast Guard
  Mr. Calvin Lederer, Deputy Judge Advocate General U.S. Coast Guard
  2703 Martin Luther King Jr. Avenue, SE, Washington, District of Columbia 20593-7213

G. Major General Michael A. Calhoun ; Adjutant General Florida Army & Air National Guard
  St. Francis Barracks, 82 Marine Street, St. Augustine, Florida 32084

I. Jeff Sessions ; Attorney General ; 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001


Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend
Maalik Taquan Rahshe Gullett El ; Son, On Behalf of Himself and Mother:
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association
Political Prisoners of War for National Liberation from Colonialism : P.O.W. #'s [62013-018]
                                                                        [61975-018]
        Unlawfully Detained and Falsely Imprisoned at:
Federal Correctional Complex USP 1, P.O. Box 1033 Coleman, Florida [33521-1033]
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida [32301]
                        18 of 18

