UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAQUAN RAHSHE GULLETT-EL, etc.

                Petitioner,

vs.                                            Case No. 3:17-cv-881-J-32JBT

TIMOTHY J. CORRIGAN, etc., et al.,

                Respondents.

## ORDER

On September 20, 2017, the Court entered an Order and Injunction against petitioner, Taquan Rahshe Gullett-El, and his mother, Syteria Hephzibah-El, dismissing their case with prejudice and enjoining them from initiating any new actions or matters based on their long history of frivolous filings. See Order and Injunction, Doc. 7.[1] The Order directed the U.S. Marshal Service to serve copies of the Order and Injunction on petitioner and his mother, both of whom were in federal custody. Although the U.S. Marshal did effect timely service on Ms. Hephzibah-El (see Doc. 8), it appears the U.S. Marshal did not serve petitioner Taquan Rahshe Gullett-El until March 2, 2018 (see Doc. 9).[2]

---

[1] As explained in that Order and Injunction, the undersigned determined he need not recuse even though named as a defendant because the case was patently frivolous and each succeeding judge becomes a new target of petitioner's and his mother's frivolous and retaliatory lawsuits. See Order & Injunction, Doc. 7 at 2, n.1 (citing Cuyler v. Presnell, Case No. 6:11-cv-623-Orl-22DAB (M.D. Fla. July 8, 2011)).

[2] The Clerk's September 21, 2017 Notes to the docket reveal that copies were mailed to both petitioner and his mother, and there is no subsequent entry reflecting that the mail was returned from the Post Master as undeliverable. However, given that petitioner has been in federal custody (and at more than one facility), it would not be surprising if the Order did not reach him; the Court will give him the benefit of the doubt in assuming that is the case.

Petitioner has now filed in this Court an "Affidavit of Merits as Notice of Appeal and As Objection to Order and Injunction Dated 20th Day of September 2017 and As Invitation Within 180 Day Period to Reopen Time for Appeal." Doc. 10. The Court construes this as a notice of appeal (as has the Clerk, who has forwarded a copy to the Eleventh Circuit Court of Appeals) and as a motion to reopen the time to file an appeal under the Federal Rules of Appellate Procedure, Rule 4(a)(6).

Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> > (A) the Court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> > (C) the court finds that no party would be prejudiced.

Based on the recitation stated above, the Court finds that the requirements of parts (A) and (B) of Rule 4(a)(6) are satisfied. And, while the Court is inclined to find that no party would be prejudiced by permitting petitioner an opportunity to appeal, the Court will delay making a final decision until the government has an opportunity to respond, if it so chooses.[3] Any response must be filed no later than **April 2, 2018**.

---

[3] While 182 defendants were named in this lawsuit, only four (all federal government agencies) had appeared by the time the Court entered its September 20, 2017 Order.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of March, 2018.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se petitioner